NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MONICA VALLADARES ORTIZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | Nos. 15-70928 16-71250 Agency No. A206-909-580 MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before:    WALLACE, FARRIS, and TROTT, Circuit Judges.

Monica Valladares Ortiz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(petition No. 15-70928), and of the BIA's order denying her motion to reopen (petition No.16-71250). The IJ determined that the harm and resulting fear she suffered were not factually related to a ground statutorily protected by the Immigration and Naturalization Act. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or [by] random violence by gang members bears no nexus to a protected ground.").

We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review de novo claims of due process violations. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petitions for review.

As to petition No. 15-70928, substantial evidence supports the agency's finding that the harms Valladares Ortiz suffered, even considered cumulatively, did not rise to the level of persecution or relate to a protected ground. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so

menacing as to cause significant actual suffering or harm.") (citation and internal quotation marks omitted). As to her fear of future persecution, substantial evidence supports the agency's conclusion that Valladares Ortiz failed to establish the government of Mexico was unwilling or unable to protect her. *See Rahimzadeh v. Holder*, 613 F.3d 916, 923 (9th Cir. 2010) (concluding the record did not compel the finding that the petitioner would be harmed by forces the government was unwilling or unable to control). Thus, we deny the petition as to Valladares Ortiz's asylum claim.

Because Valladares Ortiz failed to establish eligibility for asylum, in this case, she did not establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Valladares Ortiz failed to show it is more likely than not that she will be tortured with the consent or acquiescence of the government of Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to petition No. 16-71250, the BIA did not abuse its discretion in denying Valladares Ortiz's untimely motion to reopen where she failed to establish prima facie eligibility for relief to qualify for an exception to the time limitation for

motions to reopen. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought). We reject Valladares Ortiz's assertion that the BIA violated her due process rights by denying her motion to reopen. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITIONS FOR REVIEW DENIED.**